## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WESTERN & SOUTHERN
FINANCIAL GROUP, INC. AND
IFS FINANCIAL SERVICES, INC.,

        Plaintiffs,                        C.A. No: 06-339-SLR

v.

TOUCHSTONE INVESTMENT
CONSULTANTS, LLC,

        Defendant.

## ANSWER OF DEFENDANT  TOUCHSTONE
## INVESTMENT CONSULTANTS, LLC

Defendant Touchstone Investment Consultants, LLC ("TIC"), for its Answer to

the Complaint of plaintiffs, admits, denies, and alleges as follows:

1.      TIC  lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 1.

2.      For its response to the allegations of Paragraph 2, TIC admits that it is not

associated with plaintiffs.  TIC admits that it provides investment advice to individuals

and institutions with investable assets in excess of $1 million, and that it recommends

investment managers to its clients.  TIC admits that David Gutzke sent an e-mail dated

December 19, 2005 to Mr. Dreitler, and states that the e-mail speaks for itself.  TIC

denies the remaining allegations of Paragraph 2.

3.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3.

4.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5.    TIC admits the allegations of Paragraph 5.

6.    TIC states that plaintiffs' Complaint attempts to allege claims under the statutes listed.

7.    TIC admits that this Court has subject matter jurisdiction over this matter. TIC admits that venue is proper under 28 U.S.C. § 1391(b)(1).  TIC states that Delaware is not a convenient forum, and reserves its right to seek a change of venue pursuant to 28 U.S.C. § 1404.

8.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13.    TIC states that the allegations of Paragraph 13 are conclusions of law to which no response is required. TIC lacks knowledge or information sufficient to form a belief as to the truth of the underlying factual allegations of Paragraph 13.

14.    TIC states that the allegations of Paragraph 14 are conclusions of law to which no response is required. TIC lacks knowledge or information sufficient to form a belief as to the truth of the underlying factual allegations of Paragraph 14.

15.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20.    TIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21.    For its response to the allegations of Paragraph 21, TIC states that it provides investment advisory services to clients with investable assets in excess of $1 million. TIC admits that it does not sell any financial products, and that it provides its clients with access to a wide range of available asset classes and investment managers.

22.    For its response to the allegations of Paragraph 22, TIC states that it began offering investment consulting services using the name Touchstone Investment Consultants beginning in August, 2005.  TIC denies that its website is similar to Plaintiff's website.  TIC admits that its website uses the phrase "The Touchstone Way" to describe its approach to investment management.  TIC admits that it has in the past recommended an investment manager who apparently manages one of plaintiff's mutual funds, but denies that he, or anyone else, is likely to be confused.  TIC denies the remaining allegations of Paragraph 22.

23.    For its response to the allegations of Paragraph 23, TIC admits that it received the letter attached as Exhibit O.  TIC states that one of its principals called Ms. Ney the same day that TIC received the letter, to explain the nature of TIC's business and how the unique nature of that business prevented any realistic possibility of confusion. TIC states that it did not receive any further communication for several months, until December, 2005, after which there were a series of subsequent letters and email communications between TIC and its previous outside counsel and counsel for plaintiffs; TIC states that those communications speak for themselves. TIC admits that the domain name www.touchstoneinvestmentconsultants.com was registered on May 9, 2005.

24.    TIC denies the allegations of Paragraph 24.

25.    TIC incorporates its responses to the allegations contained in Paragraphs 1-24 as if fully stated herein.

26.     TIC denies the allegations of Paragraph 26, but states that TIC was aware that six entities and one individual with the word Touchstone in their name had registered with the Securities and Exchange Commission.

27.     TIC denies the allegations of Paragraph 27.

28.     TIC denies the allegations of Paragraph 28.

29.     TIC denies the allegations of Paragraph 29.

30.     TIC denies the allegations of Paragraph 30.

31.     TIC denies the allegations of Paragraph 31.

32.     TIC incorporates its responses to the allegations contained in Paragraphs 1-31 as if fully stated herein.

33.     TIC denies the allegations of Paragraph 33.

34.     TIC denies the allegations of Paragraph 34.

35.     TIC denies the allegations of Paragraph 35.

36.     TIC denies the allegations of Paragraph 36.

37.     TIC denies the allegations of Paragraph 37.

38.     TIC denies the allegations of Paragraph 38.

39.     TIC incorporates its responses to the allegations contained in Paragraphs 1-39 as if fully stated herein.

40.     TIC denies the allegations of Paragraph 40.

41.     TIC admits that it registered its domain name in May of 2005, and denies the remaining allegations of Paragraph 41.

42.     TIC admits the allegations of Paragraph 42, but denies that it needed any authorization from plaintiffs to register its domain name and operate its website.

43.     TIC denies the allegations of Paragraph 43.

44.     TIC denies the allegations of Paragraph 44.

45.     TIC denies each and every allegation of the Complaint not admitted or qualified herein.

## ADDITIONAL DEFENSES

46.     TIC's use of the name Touchstone Investment Consultants is not likely to confuse customers or potential customers, and TIC has not infringed on any of plaintiffs' legal rights.

47.     Plaintiff Western & Southern Financial Group, Inc. lacks standing and has failed to state a claim upon which relief can be granted.

WHEREFORE, Defendant TIC respectfully requests that the Court enter judgment dismissing all of plaintiffs' claims with prejudice, and awarding TIC its attorneys' fees and costs as allowed by law.

Dated:  June 26, 2006                    CONNOLLY BOVE LODGE & HUTZ LLP


By _____
Patricia Smink Rogowski (Bar ID 2632)
P.O. Box 2207
1007 N. Orange Street
Wilmington, DE  19899-2207
Telephone:  (302) 658-9141
progowski@cblh.com


DORSEY & WHITNEY LLP
J. Thomas Vitt (MN #183817)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600

*Attorneys for Defendant*
*Touchstone Investment Consultants, LLC*

472825_1.DOC

7

## CERTIFICATE OF SERVICE

I, hereby certify that on **June 26, 2006,** I electronically filed **ANSWER OF DEFENDANT TOUCHSTONE INVESTMENT CONSULTANTS, LLC** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Frederick L. Cottrell, III, Jeffrey L. Moyer and Steven J. Fineman.

I hereby further certify that on June 26, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Frederick L. Cottrell, III
Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger PA
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

**Via Federal Express**
Joseph R. Dreitler
Mary R. True
Brian J. Downey
Frost Brown Todd, LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202

Patricia Smink Rogowski (#2632)